UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ERIC JOHN MOERMAN,

      Defendant.
_____/

File No. 1:99-CR-24

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Eric John Moerman's *pro se* motion for modification of sentence pursuant to 18 U.S.C. § 3582(b), and supplement thereto. (Dkt. Nos. 33, 34.)  Defendant's motion is based upon Amendment 709 to the Sentencing Guidelines which went into effect on November 1, 2007.  Amendment 709 addresses the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score.

Section 3582(b) identifies the three ways in which a judgment of conviction can be modified:  (1) pursuant to 18 U.S.C. § 3582(c); (2) pursuant to Fed. R. Crim. P. 35; or (3) pursuant to an appeal pursuant to 18 U.S.C. § 3742.  18 U.S.C. § 3582(b)(1), (2), (3). Defendant's motion for modification of his sentence based on an amendment to the Sentencing Guidelines is governed by 18 U.S.C. § 3582(c).

Under 18 U.S.C. § 3582(c)(2), a court is authorized to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. A court may reduce a defendant's term of imprisonment pursuant to § 3582(c)(2) only if the guideline range applicable to the defendant was lowered as a result of an amendment listed in § 1B1.10(c) of the Sentencing Guidelines. U.S.S.G. § 1B1.10(a)(1). "[A]n amendment specifically listed in U.S.S.G. § 1B1.10(c) has retroactive effect, while amendments not listed are not to be applied retroactively." *United States v. Jones*, 96 F. App'x 976, 978 (6th Cir. 2004) (citing *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994)).

Amendment 709 is not listed in U.S.S.G. § 1B1.10(c), and Defendant has not identified any other amendment listed in § 1B1.10(c) that is applicable to him. Therefore, a reduction in Defendant's term of imprisonment is not authorized under § 3582(c)(2). Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for modification of sentence, as supplemented (Dkt. Nos. 33, 34) is **DENIED**.

Dated: March 5, 2009            /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                UNITED STATES DISTRICT JUDGE